O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RODOLFO GONZALEZ, | ) | NO. CV 13-5007-TJH (MAN) |
| Petitioner, | ) | |
| v. | ) | ORDER: DISMISSING PETITION AS SECOND OR SUCCESSIVE; AND DENYING A CERTIFICATE OF APPEALABILITY |
| RON DAVIS, | ) | |
| Respondent. | ) | |
| _____ | ) | |

On July 12, 2013, Petitioner filed his latest habeas petition, pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition is one of many Section 2254 habeas petitions Petitioner has filed in this district stemming from his 1997 state conviction and sentence in the Los Angeles Superior Court.

Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b) and Rule 4.

BACKGROUND

On October 18, 1999, Petitioner filed a Section 2254 habeas petition in this district in Case No. CV 99-11978-TJH (MAN) (the "First Action").[1] The First Action challenged Petitioner's 1997 conviction and raised the following two habeas claims: (1) Petitioner was denied his federal constitutional right to be present at all critical stages of trial; and (2) Petitioner was never advised of his Miranda rights, and when he invoked his right to counsel and to remain silent, he was subtly questioned.[2]  (First Action petition at 6, 8, and attached memorandum at 1-19.)  On April 26, 2002, the First Action petition was denied on its merits and dismissed with prejudice.  Petitioner appealed.  On January 21, 2003, the Ninth Circuit denied Petitioner's request for a certificate of appealability (Case No. 02-55966).  On April 29, 2003, the Ninth Circuit denied Petitioner's motion for reconsideration.

Over seven years passed.[3]  On September 30, 2010, Petitioner filed another Section 2254 habeas petition in this district in Case No. CV 10-7295-TJH (MAN) (the "Second Action").  The Second Action petition alleged a single habeas claim, which was a variation of the same presence error claim alleged in the First Action and denied on its merits.  On October 6, 2010, the Court

---

[1] Petitioner earlier filed two purported Section 2254 habeas actions, neither of which presented cognizable claims under Section 2254, and both of which were dismissed without prejudice. (See dockets for Case Nos. CV 99-9493-AHM (MAN) and CV 99-10374-MMM (MAN).) Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the records and files from Petitioner's prior actions in this district and in the United States Court of Appeals for the Ninth Circuit.

[2] Petitioner originally raised his Miranda claim through a second Section 2254 habeas petition filed in this Court on October 4, 2000, in Case No. CV 00-10659-CM (MAN). On October 19, 2000, that petition was dismissed with a direction to Petitioner that he should raise all of his claims related to his 1997 conviction within the then-pending First Action. On July 6, 2001, Petitioner was granted leave to file a Second Amended Petition in the First Action, which included the above-described Miranda claim.

[3] In the interim, Petitioner filed another Section 2254 action in Case No. CV 08-2884-AHM (MAN), which did not attack the 1997 conviction and sentence but, rather, complained about Petitioner's transfer to an out-of-state prison. On May 8, 2008, that action was dismissed without prejudice, due to Petitioner's failure to exhaust his available state remedies.

dismissed the Second Action petition as second or successive, pursuant to 28 U.S.C. § 2244(b). Petitioner appealed (Case No. 10-56986):  on January 14, 2011, the Ninth Circuit denied a certificate of appealability; and on February 28, 2011, the Ninth Circuit denied Petitioner's motion for reconsideration.  On February 8, 2011, the Ninth Circuit denied Petitioner's application for leave to file a second or successive petition raising this claim (Case No. 10-73767).

This action is Petitioner's third attempt to obtain Section 2254 habeas relief in connection with his 1997 conviction.  The instant Petition alleges that Petitioner's upper term sentence is barred by Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), and Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856 (2007), which Petitioner contends apply to him retroactively pursuant to Butler v. Curry, 528 F.3d 624 (9th Cir. 2008).

A review of the Ninth Circuit's dockets reveals that Petitioner has not filed an application in the Ninth Circuit seeking leave to raise his present claim through a second or successive Section 2254 petition.

## DISCUSSION

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence.  See, e.g., 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition).  "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition.  McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

In those instances when Section 2244(b) provides a basis for pursuing a second or

successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

The First Action stemmed from Petitioner's 1997 state court conviction, as does the instant Petition. Significantly, the Apprendi rule on which both Cunningham and the instant Petition rest was rendered almost two years before the First Action was resolved. Because the Ninth Circuit concluded, in Butler, that Cunningham "'did not announce a new rule of constitutional law,' . . . Cunningham cannot form the basis of an application for a second or successive 28 U.S.C. § 2254 habeas corpus petition." Wright v. Dexter, 546 F.3d 1096, 1097 (9th Cir. 2008). Petitioner's present challenge to the validity of his sentence does not rest on newly discovered evidence, nor does it rest on a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review and that was previously unavailable. See 28 U.S.C. § 2244(b)(2). Accordingly, the current Petition is second or successive within the meaning of Section 2244(b).[4]

Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive Section 2254 petition raising the claim alleged in the instant Petition. This Court thus lacks jurisdiction to consider the Petition. 28 U.S.C. § 2244(b); see also Burton, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court). Accordingly, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.

---

[4] The Supreme Court has never held that the Apprendi rule, including as it was applied in Cunningham, is retroactive to cases on collateral review. But even if the rule could be deemed to be retroactively applicable to Petitioner as a result of the Ninth Circuit's decision in Butler, the instant Petition plainly would be untimely, given that the Butler decision issued in 2008.

1  In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the
2  United States District Courts, the Court has considered whether a certificate of appealability is
3  warranted in this case. See 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, 120
4  S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted,
5  and thus, a certificate of appealability is DENIED.

7  IT IS SO ORDERED.

9  DATED: July 23, 2013

            _____
            TERRY J. HATTER, JR.
            UNITED STATES DISTRICT JUDGE

12 PRESENTED BY:

   _____
   MARGARET A. NAGLE
   UNITED STATES MAGISTRATE JUDGE